IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,062-01






EX PARTE BRANDON RASHAD MITCHELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-1031463-J IN CRIMINAL DISTRICT COURT NO. 3


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to six years' imprisonment. He did not appeal
his conviction.

 Applicant contends that as a condition of his guilty plea the State agreed to abandon a drug-free zone allegation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond
to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether, based on the reporter's record of
Applicant's plea hearing and the plea papers, Applicant pleaded guilty on the condition that the State
would abandon a drug-free zone allegation. If the trial court finds that this was a condition of
Applicant's plea, it shall then determine whether the drug-free zone finding in the judgment is a
clerical error that should be remedied by a motion for a judgment nunc pro tunc. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 15, 2012

Do not publish